NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1837
_____

NATIONWIDE PROPERTY AND CASUALTY INSURANCE CO;
NATIONWIDE MUTUAL FIRE INSURANCE CO

v.

RANDY SHEARER; ERIN SHEARER, husband and wife;
WALTER G. FOX (deceased); ROSEMARY FOX, husband and wife;
PATRICK B. IORIO; PHILOMENA IORIO, husband and wife;
JEFFREY IORIO; DIANE IORIO; husband and wife; EDITH TOMEI

Walter G. Fox;
Rosemary Fox;
Patrick B. Iorio;
Philomena Iorio;
Jeffrey Iorio;
Diane Iorio;
Edith Tomei,

Appellants

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-14-cv-00735)
District Judge: Honorable Terrence F. McVerry
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 18, 2016

Before: SMITH, HARDIMAN, and NYGAARD, *Circuit Judges*.

(Filed: May 26, 2016)

_____

OPINION[*]

_____

HARDIMAN, *Circuit Judge*.

This appeal arises out of a property dispute between Randy and Erin Shearer and Appellants (collectively, the Policyholders), who were insured by Nationwide Property and Casualty Insurance Company and Nationwide Mutual Fire Insurance Company (collectively, Nationwide). After discovering the discharge of sewage and other waste on their property, the Shearers sued the Policyholders under various theories sounding in trespass, nuisance, and violations of state environmental law.

Nationwide initially defended the Policyholders subject to a reservation of rights. Nationwide informed the Policyholders that it would investigate the circumstances surrounding the Shearers' claims, but stipulated that "this investigation [was] subject to a **Reservation of Rights**, meaning that [Nationwide] specifically reserve[d] the right to later deny coverage on [the] claim at the conclusion of its investigation." App. 462, 472, 482; *see* App. 491. Nationwide highlighted the fact that each of the Policyholders' contracts contained exclusions for pollution or biological deterioration, which might apply. In a supplemental reservation of rights letter, Nationwide cautioned each Policyholder to "be aware that as the facts are determined, [Nationwide] may assert the

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

right to deny coverage and withdraw from the handling of this claim for any valid reasons that may arise." App. 465, 475, 485, 497. And Nationwide made clear that its assumption of the Policyholders' defense "shall not be deemed to be a waiver of or estoppel of these and all rights under the policy and applicable law." App. 463, 473, 483; *see* App. 496.

On June 9, 2014, Nationwide filed a complaint seeking a declaratory judgment that it had no duty to defend or indemnify the Policyholders in connection with the Shearers' lawsuit, citing the pollution and biological deterioration exclusions. After discovery, the parties filed cross-motions for summary judgment. The Policyholders did not challenge the applicability of the pollution and biological deterioration exclusions. Instead, they argued that Nationwide should be equitably estopped from withdrawing because it had been defending them for several years and such an untimely withdrawal would prove prejudicial.

The District Court rejected the Policyholders' arguments and granted summary judgment in favor of Nationwide. Because Nationwide's reservation of rights letters made clear that its defense "shall not be deemed to be a waiver of or estoppel of these and all rights under the policy and applicable law," the Court held that Pennsylvania law "completely undercuts the Policyholders' estoppel argument." App. 22 (citing *Brugnoli v. United Nat'l Ins. Co.*, 426 A.2d 164, 167 (1981)). Nor was the Court persuaded by the Policyholders' unsupported claim that Nationwide was required to take steps to withdraw its defense "within a certain period of time after issuing [its] reservation of rights

3

letter[s]." App. 23. Although the Court recognized that a reservation of rights letter will not trump an estoppel argument in every case, *see Willis Corroon Corp. v. Home Ins. Co.*, 203 F.3d 449, 452 (7th Cir. 2000), it described a reservation of rights as "a lofty hurdle" that can be cleared only by a showing of "actual prejudice." App. 27. Finding "no allegations, let alone evidence, of prejudice," the Court held that "there is no basis to estop Nationwide from asserting its coverage defenses." App. 28. The Policyholders appealed.[1]

The Policyholders claim the District Court erred in refusing to equitably estop Nationwide from withdrawing its defense of the Shearers' lawsuit. They contend that, notwithstanding their receipt of timely and unambiguous reservation of rights letters, "Nationwide . . . made it clear that [it would represent them] and did represent [them] for in excess of two years without [indicating that it might] withdraw as counsel." Policyholders Br. 5–6. They further argue that Nationwide's about-face left them "in the lurch," requiring them to spend time and money "to retain new counsel" and forcing them into "a disadvantaged position" in their ongoing litigation. *Id.* at 3. The Policyholders characterize these circumstances as the inducement, detrimental reliance, and prejudice needed to make out a defense of equitable estoppel. We disagree.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 2201(a) and 1332. We have jurisdiction under 28 U.S.C. §§ 2201(a) and 1291. We exercise plenary review of a district court's order granting summary judgment. *Fed. Home Loan Mortg. Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

Under Pennsylvania law, "[e]quitable estoppel is a doctrine of fundamental fairness intended to preclude a party from depriving another of a reasonable expectation, when the party inducing the expectation knew or should have known that the other would rely to his detriment upon that conduct." *TIG Ins. Co. v. Tyco Int'l Ltd.*, 919 F. Supp. 2d 439, 456 (M.D. Pa. 2013) (quoting *Straup v. Times Herald*, 423 A.2d 713, 720 (Pa. Super. Ct. 1980), *overruled on other grounds by Kreutzer v. Monterey Cty. Herald Co.*, 747 A.2d 358 (Pa. 2000)). In the insurance context, "there must be such conduct on the part of the insurer as would, if the insurer were not estopped, operate as a fraud on some party who has taken or neglected to take some action to his own prejudice in reliance thereon." *Titan Indem. Co. v. Cameron*, 2002 WL 242346, at *2 (E.D. Pa. Feb 19, 2002) (quoting *Wasilko v. Home Mut. Cas. Co.*, 232 A.2d 60, 63 (Pa. Super. Ct. 1967)). Accordingly, an insured must show "(1) an inducement, whether by act, representation, or silence when one ought to speak, that causes one to believe the existence of certain facts; (2) justifiable reliance on that inducement; and (3) prejudice to the one who relies if the inducer is permitted to deny the existence of such facts." *TIG Ins. Co.*, 919 F. Supp. 2d at 456–57.

Here, Nationwide preserved its coverage defenses by mailing reservation of rights letters to the Policyholders. *Brugnoli*, 426 A.2d at 167. Each Policyholder was informed that Nationwide could withdraw its defense for various reasons. The fact that Nationwide defended the case for some time before citing an exclusion and denying coverage does

5

not somehow turn the defense it did provide into fraudulent inducement. *See Argonaut Great Cent. Ins. Co. v. Phil's Tavern, Inc.*, 2001 WL 1346327, at \*4 (E.D. Pa. Oct. 29, 2001). Nor does it turn the Policyholders' decision to allow Nationwide to provide them with a defense into detrimental reliance. *Id.* at \*5.

Finally, the Policyholders are unable to show prejudice. While they were understandably disappointed by Nationwide's decision to withdraw its defense, the fact that it was entitled to do so under the terms of the insurance contracts means that the defense it did tender was a temporary benefit to the Policyholders.

We will affirm the judgment of the District Court for the reasons stated.